1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| THOMAS P. COOK | Case No. 1:16-CV-00674-LJO-SAB |
| Plaintiff, | SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND AND DISMISSING GOVERNMENT DEFENDANTS |
| v. | |
| STATE OF CALIFORNIA, *et. al*., | |
| Defendants. | (ECF No. 12) |

12
13
14
15
16
17
18

19          **PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

20          Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this

21  Court is unable to devote inordinate time and resources to individual cases and matters. Given the

22  shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters

23  necessary to reach the decision in this order. The parties and counsel are encouraged to contact the

24  offices of United States Senators Feinstein and Boxer to address this Court's inability to

25  accommodate the parties and this action. The parties are required to reconsider consent to conduct all

26  further proceedings before a Magistrate Judge, whose schedules are far more realistic and

27  accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must

28  prioritize criminal and older civil cases.

1    Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to

2    suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date

3    if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno

4    Division randomly and without advance notice reassigns civil actions to U.S. District Judges

5    throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this

6    action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District

7    of California.

8    ## I.    Background

9    At the time he filed the original complaint in this case, Plaintiff Thomas P. Cook

10   ("Plaintiff") was a California state prisoner proceeding *pro se* and *in forma pauperis*[1] in this civil

11   rights action under 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff filed his original complaint (ECF

12   No. 1) on December 31, 2014, and the first amended complaint (ECF No. 7) on March 24, 2015.

13   Plaintiff's second amended complaint ("SAC"), filed on December 30, 2015 (ECF No. 12) is

14   currently before the Court[2] for screening. According to the SAC, Plaintiff was paroled on

15   September 20, 2015. ECF No. 12 at 1.

16   ## II.   Screening Requirement and Standard

17   The Court is required to screen complaints brought by prisoners seeking relief against a

18   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In this

19   case, Plaintiff is no longer a prisoner in state custody, as he was paroled on September 20, 2015.

20   *See* ECF No. 12 at 1. Nevertheless, as Plaintiff continues to proceed *pro se*, the Court will apply the

21   standard set forth in 28 U.S.C. § 1915(e)(2), which is substantially similar to the standard set forth

22   in 28 U.S.C. § 1915A(a) for prisoner complaints. Under 28 U.S.C. § 1915(e)(2), the Court reviews

23   a *pro se* complaint to determine whether the complaint is frivolous or malicious; fails to state a

24   claim on which relief may be granted; or seeks monetary relief against a defendant who is immune

25   from such relief. A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, the critical inquiry is whether a constitutional

27   ---

28   [1] *See* ECF No. 20.

[2] Plaintiff declined the jurisdiction of the Magistrate Judge previously assigned to his case.

2

1   claim, however unartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*,

2   885 F.2d 639, 640 (9th Cir. 1989).

3          As a *pro se* litigant, Plaintiff is entitled to have his pleadings liberally construed and to have

4   any doubt resolved in his favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations

5   omitted). Nevertheless, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that his

6   complaint contain "a short and plain statement of the claim showing that [he] is entitled to relief."

7   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

8   action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,

9   678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's

10  allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v.*

11  *Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

12  omitted). Thus, to survive screening, Plaintiff's claims must be facially plausible, which requires

13  sufficient factual detail to allow the Court reasonably to infer that each named defendant is liable

14  for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The sheer possibility

15  that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

16  satisfying the plausibility standard. *Id.*

17         If the Court determines that the complaint may be cured by amendment, the Court will grant

18  Plaintiff leave to amend and provide him with notice of the complaint's deficiencies. *Cato v. United*

19  *States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court will deny leave to amend if "it is absolutely

20  clear" that amendment of a claim would be futile. *See id.*

21         **III.     Plaintiff's Allegations**

22         Plaintiff has asserted claims against the following Defendants: the State of California; the

23  California Department of Corrections and Rehabilitation ("CDCR"); Edmund G. Brown; M.D.

24  Stainer, director of the CDCR; Support System Homes, a substance-abuse treatment center; and

25  Scott Grinnell, a parole agent, employed by CDCR ("Agent Grinnell) (collectively, "Defendants").

26  *See generally* ECF No. 12.

27         The SAC contains two main claims, both of which arose out of events that occurred after

28  Plaintiff was released on parole. First, Plaintiff alleges general discrimination against him by the

1   State of California and the CDCR on account of his status as a registered sex offender under section

2   290 of the California Penal Code ("CPC"). *Id.* at 1-2.[3] Plaintiff alleges that after he was paroled

3   from Valley State Prison on September 20, 2015, he was taken to Support Systems Homes

4   Treatment Center for thirty days of substance abuse treatment. *Id.* at 1. Plaintiff had already

5   completed nine months of substance abuse treatment while he was in prison. *Id.* Plaintiff alleges

6   that "[b]y completing these substance abuse programs in prison, [he] was promised many things

7   such as assistance with getting ID/license, [a] social security card, employment placement, clothing,

8   transportation[,] and so on," and that he has received no help on his re-entry into society from

9   Support Systems Homes. *Id.* Furthermore, he alleges that his treatment is paid for by "the Stop

10  Fund," such funding is being misused and his account is being charged for services that he has not

11  received, and asks that the Court "look into these accounts and the use of discrimination" against

12  persons who have registered as sex offenders under CPC § 290. *Id.* at 1-2.  Plaintiff states that "if

13  you register 290[,] you have nothing coming, no help with reentry into society," and that "no matter

14  what a 290 does, he/she will do the max parole, [and] be treat[ed] as if their crime just happen[ed]."

15  *Id.* In connection with this allegation, Plaintiff requests that the Court review his parole conditions

16  from 1998 to 2015, alleging that each time he has paroled, his conditions have worsened. *Id.*

17  Plaintiff has also attached various documents "concerning [his] civil rights," which include

18  information and records relating to the State's funding of substance abuse programs for inmates and

19  parolees, *id.* at 5-10, an administrative complaint he previously filed, *id.* at 11-16, the CDCR 602

20  complaint form he attempted to file against Agent Grinnell, *id.* at 17-18, correspondence which

21  relates to the STOP program, *id.* at 19-27, and copies of recent state court rulings concerning CPC

22  § 290, *id.* at 29-32.

23          Next, Plaintiff alleges that after he was released on parole, Agent Grinnell interfered with

24  his medical care. *Id.* at 3. He states that on December 17, 2015, "after being sick for weeks," he was

25  able to get a day off training and go to the ER at the Santa Clara Hospital, and Agent Grinnell

26  called him and ordered him to leave the hospital while knowing that Plaintiff was sick and in need

27  of medical attention. *Id*. Plaintiff did not want to violate his parole, so he left the ER. *Id.* Plaintiff

28  
---
[3] Pincites refer to CM/ECF pagination located at the top of each page.

1  asks this Court to issue a protective order against Agent Grinnell. *Id.* at 4. In support of this

2  allegation, Plaintiff has included documentary evidence of his ER visit and a photograph of his

3  injuries. *Id.* at 34-35.

4         **IV.**    **Analysis**

5            **a.**  **Government Defendants**

6         Plaintiff has sought to bring claims against the following government defendants: the state

7  of California, California Governor Edmund G. Brown, the CDCR, CDCR Director M.D. Stainer,

8  and Agent Grinnell. However, insofar as Plaintiff seeks damages against these defendants in their

9  official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in

10  federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v.*

11  *Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Therefore, the

12  Court finds that Plaintiff may not state claims against the State of California and the CDCR. *See id.*;

13  *see also Holt v. California Dept. of Corrections Medical Dept.*, No. 1:10-cv-00496-SKO PC, 2010

14  WL 4716761, at *2 (E.D. Cal. Nov. 12, 2010) (dismissing a claim against the CDCR Medical

15  Department because "[t]he [CDCR] is an agency entitled to Eleventh Amendment immunity; any

16  claims against it are barred by the Eleventh Amendment."). Furthermore, Plaintiff may not state

17  claims against Defendants Brown, Stainer, and Grinnell in their official capacities. *Aholelei*, 488

18  F.3d at 1147.

19            **b.**  **Alleged Discrimination on Account of CPC § 290 Sex Offender Status**

20         Plaintiff's discrimination allegation was filed under the Civil Rights Act, codified at 42

21  U.S.C. § 1983. The Civil Rights Act provides, in relevant part:

22           Every person who, under color of [state law] … subjects, or causes to be subjected, any

23           citizen of the United States … to the deprivation of any rights, privileges, or immunities
secured by the Constitution … shall be liable to the party injured in an action at law, suit in

24           equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983. As described above, Plaintiff has alleged discrimination against him on account

26  of his status as a registered sex offender pursuant to CPC § 290. The Court finds that these

27  allegations attempt to state a violation of the Equal Protection Clause of the Fourteenth

28  Amendment, which "commands that no States shall 'deny to any person within its jurisdiction the

1    equal protection of the laws,' which is essentially a direction that all persons similarly situated

2    should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing

3    *Plyler v. Doe*, 457 U.S. 202, 215 (1982)).

4       "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of

5    the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or

6    purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v.*

7    *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The first step in determining whether Plaintiff's

8    Equal Protection rights have been violated is to "identify the relevant class to which he belonged."

9    *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Here, the relevant class is individuals

10   who are registered sex offenders under CPC § 290, which "requires certain convicted sex offenders

11   to register with law enforcement officials in the communities in which they reside." *Thorton v.*

12   *Brown*, 757 F.3d 834, 838 (9th Cir. 2013).

13      The Court finds that this allegation fails to state a claim upon which relief can be granted. In

14   *United States v. Juvenile Male*, the Ninth Circuit noted that sex offenders are not a suspect or

15   protected class for Equal Protection purposes. 670 F.3d 999, 1009 (9th Cir. 2012) (citing *United*

16   *States v. LeMay*, 260 F.3d 1018, 1030-31 (9th Cir. 2001)); *see also Hill v. Rowley*, No. 3:15-cv-

17   00038-RCJ-VPC, 2015 WL 3887188, at *3 (D. Nev. June 24, 2016) (citing *Juvenile Male* for the

18   proposition that "[s]tate discrimination based on prior sex offenses is not subject to heightened

19   scrutiny under the Equal Protection Clause."). Thus, as Plaintiff has failed to prove membership in

20   a protected class, he has failed to state a claim under § 1983 for a violation of the Equal Protection

21   Clause, and the Court will therefore dismiss this allegation. *See Barren*, 152 F.3d at 1194; *see also*

22   *Gunter v. Meeks*, No. 3:11-cv-0041-MMD-WGC, 2013 WL 5493270, at *3 (D. Nev. Sept. 30,

23   2013) (dismissing the allegation that defendants conspired to violated the plaintiff's Equal

24   Protection rights on account of his status as a sex offender).

25      Furthermore, to the extent that Plaintiff alleges that Defendants failed to assist him with re-

26   entry by providing assistance with obtaining employment, housing, identification documents, and

27   clothing, Plaintiff fails to state a claim (whether under the Equal Protection Clause or otherwise)

28   because  parole officers have "no obligation to ensure that parolees obtain public assistance,

1    housing, or medical care." *See Wallace v. Jones*, No. 2:12-cv-02018 TLN DAD P, 2013 WL

2    2190174 (E.D. Cal. May 20, 2013) (citing *De Shaney v. Winnebago County Dept. of Social*

3    *Services*, 489 U.S. 189 (1989) for the proposition that parole officers have no duty to provide

4    housing, mental health, and medical care).

5        Additionally, insofar as Plaintiff seeks to hold Defendants Brown and Stainer liable for their

6    supervisory roles in relation to this claim, the Court notes that Plaintiff has failed to show how

7    Brown and Stainer were personally involved in his re-entry process. A supervisor may be liable

8    under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or

9    (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

10    violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc) (citation

11    omitted), abrogated in part on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970,

12    128 L.Ed.2d 811 (1994). Thus, supervisory officials "cannot be held liable unless they themselves"

13    violated a constitutional right. *Iqbal*, 556 U.S. at 676.

14        For these reasons, the Court finds that Plaintiff has failed to state a claim under the Equal

15    Protection Clause of the Fourteenth Amendment. While the Court will grant Plaintiff leave to

16    amend this claim, as described in more detail below, the Court advises Plaintiff that any amended

17    complaint cannot be premised on his sex offender status or Defendants' failure to assist him with

18    re-entry.

19               **c.   Alleged Interference With Medical Care by Agent Grinnell**

20        Like the discrimination allegation discussed above, Plaintiff's allegation against Agent

21    Grinnell was filed under 42 U.S.C. § 1983. Plaintiff alleges that Agent Grinnell interfered with his

22    visit to the ER on December 17, 2015. ECF No. 12 at 3. The Court perceives this allegation as a

23    claim invoking the Eighth Amendment, which mandates that the government "provide medical care

24    for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "In

25    order to state a cognizable claim [under the Eighth Amendment], a prisoner must allege acts or

26    omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at

27    106. Specifically, the prisoner must allege that defendant "kn[ew] that the prisoner face[d] a

28    substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to

1    abate it." *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The Ninth Circuit, following *Estelle*,

2    has found that "allegations that a prison official has ignored the instructions of a prisoner's treating

3    physician are sufficient to state a claim for deliberate indifference." *Wakefield v. Thomas*, 177 F.3d

4    1160, 1165 (9th Cir. 1999).

5              Upon examination of his allegations, the Court finds that Plaintiff has failed to state a claim

6    for deliberate indifference under the Eighth Amendment. Generally, the state is not required to

7    provide medical care to a parolee, because parolees are no longer incarcerated and unable to

8    provide for their own care. *See DeShaney*, 489 U.S. at 190-200; *see also Sisco v. California*, 2007

9    WL 1470145, at *20 (E.D. Cal. May 18, 2007) (finding no Eighth Amendment liability against a

10   parole officer because "[o]bligations under the Eighth Amendment only arise under during

11   plaintiff's incarceration" and the plaintiff "was free to seek medical care while on parole"). The

12   Ninth Circuit has outlined a narrow exception to this rule, holding that "the state must provide an

13   outgoing prisoner who is receiving and continues to require medication with a supply sufficient to

14   ensure that he has that medication available during the period of time reasonably necessary to

15   permit him to consult a doctor and obtain a new supply." *Wakefield*, 177 F.3d at 1164. "A state's

16   failure to provide medication sufficient to cover this transitional period amounts to an abdication of

17   its responsibility to provide medical care to those, who by reason of incarceration, are unable to

18   provide for their own medical needs." *Id.* The Ninth Circuit recognized that "it may take a number

19   of days, or possibly even weeks, for a recently released prisoner to find a doctor, schedule an

20   examination, obtain a diagnosis and have a prescription filled." *Id.* Applying these principles, the

21   Ninth Circuit found that a parolee had stated a claim for deliberate indifference under the Eighth

22   Amendment when the parolee's treating physician had prescribed two-weeks' worth of

23   psychotropic medication to be dispensed by the prison authorities at the time of the parolee's

24   release, and the prison officer handling release failed to provide the parolee with these medication

25   or make any effort to help the parolee procure the required medication. *Id.* at 1165. This finding

26   turned upon the fact that the said prison official had contravened the instructions of the plaintiff's

27   treating physician during the parolee's transitional period. *See id.*

28

1      The Court finds that the exception outlined in *Wakefield* is not applicable to Plaintiff's

2   situation. While the window of time between the date of Plaintiff's parole (September 20, 2015)

3   and his visit to the emergency room (December 17, 2015) could plausibly fall within the

4   "transitional period" outlined in *Wakefield*, Plaintiff's case is ultimately distinguishable from

5   *Wakefield* because he has not alleged that his treating physician had prescribed him required

6   medication or treatment, or that Agent Grinnell ignored the instructions of any treating physician.

7   Rather, he alleges that after he went to the emergency room, Agent Grinnell called and ordered him

8   to leave the emergency room, and he obeyed Agent Grinnell's order because he did not wish to

9   violate his parole. ECF No. 12 at 3. A document attached to Plaintiff's motion, from the Santa

10   Clara Valley Health & Hospital System, indicates that Plaintiff was "signed in our emergency

11   department on 12/17/2015 today. Evaluation and treatment was not complete because the pt [sic]

12   needed to leave." *Id.* at 34. Although Plaintiff alleges that Agent Grinnell "knew" that he was sick

13   and in need of medical attention, it is unclear from the SAC and supporting document that Agent

14   Grinnell ignored the direction of Plaintiff's treating physician in telling him to leave the emergency

15   room, and it appears that Plaintiff left because of his own belief that his parole would be violated if

16   he disregarded Agent Grinnell's order. *See* ECF No. 12 at 3. Accordingly, the Court finds that the

17   facts alleged in the complaint are insufficient to demonstrate that Agent Grinnell was deliberately

18   indifferent within the meaning of the Eighth Amendment. The Court will therefore dismiss this

19   claim, with leave to amend.

20      **Conclusion and Orders**

21      The Court finds that the SAC does not state a claim upon which relief can be granted.

22   Nevertheless, in an abundance of caution, the Court will grant Plaintiff leave to amend these

23   allegations to cure the identified deficiencies in the SAC, to the extent he is able to do so in good

24   faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff is therefore granted leave to file

25   an amended complaint. *Noll v. Carlson*, 809 F.2d 1146, 1148-49 (9th Cir. 1987). If Plaintiff elects

26   to amend the SAC, he may not change the nature of this suit by alleging new, unrelated claims.

27   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

28

1   The Court further advises that Plaintiff's amended complaint must comply with Rule 8(a) of

2   the Federal Rules of Civil Procedure, and set forth "sufficient factual matter … to 'state a claim that

3   is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Because he

4   seeks relief under § 1983, Plaintiff must state what each defendant did that led to the deprivation of

5   his constitutional or other federal rights. *See id.* "The inquiry into causation must be individualized

6   and focused on the duties and responsibilities of each individual defendant whose acts or omissions

7   are alleged to have caused a constitutional deprivation," *Leer v. Murphy*, 844 F.2d 628, 633 (9th

8   Cir. 1988); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the

9   deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

10  participates in another's affirmative acts or omits to perform an act which he is legally required to

11  do that causes the deprivation of which complaint is made."). Plaintiff must demonstrate that each

12  defendant personally participated in the deprivation of his rights, as there is no supervisory liability

13  under § 1983. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

14  Finally, the Court notes that Plaintiff's allegations of discrimination on account of his sex

15  offender status contained in the SAC repeat and refer to similar allegations in the original complaint

16  and FAC. The Court now advises Plaintiff that an amended complaint must stand on its own; the

17  amended complaint must include all relevant factual allegations and name all defendants against

18  whom Plaintiff seeks redress. *See* E.D. Cal. L.R. 220. Generally, an amended complaint supersedes

19  the original complaint, which no longer serves any function in the case. *See Lacey v. Maricopa

20  Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Absent prior court approval, the amended

21  pleading must be complete in itself without reference to any prior pleading. E.D. Cal. L.R. 220. All

22  causes of action alleged in an original complaint which are not alleged in an amended complaint are

23  therefore waived. *See USS-POSCO Industries v. Contra Costa Bldg. & Const. Trades Council,

24  AFL-CIO*, 31 F.3d 800, 811-12 (9th Cir. 1994).

25  //

26  //

27  //

28  //

10

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's SAC, filed December 30, 2015, is dismissed for failure to state a claim;

3. By no later than **September 3, 2016**, Plaintiff shall file an amended complaint or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   __**August 4, 2016**__          _____**/s/ Lawrence J. O'Neill**_____
                                        UNITED STATES CHIEF DISTRICT JUDGE